**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

IN RE:                                                                **BK 04-72038-CMS-13**

**JAMIE LEE HENDRIX,**

        **DEBTOR.**

## MEMORANDUM OF DECISION

This matter was before the court on a motion for approval of a settlement of a personal injury claim, for approval of attorneys' fees and expenses, and for approval of distribution of settlement proceeds filed by attorneys for debtor Jamie Lee Hendrix, (BK Doc. 119); and on the trustee and the bankruptcy administrator's objections to the motion. (BK Docs. 123 and 124) The court has reviewed the evidence in the context of applicable law and finds payment of a fee in the amount of **$2,133.33** should be **APPROVED;** but that the request for $148.15 in expenses must be **DENIED.**

## FINDINGS OF FACT

The court held a January 25, 2007 hearing on this motion styled **APPLICATION FOR APPROVAL OF TENTATIVE SETTLEMENT, APPROVAL OF ATTORNEYS FEES, AND APPROVAL OF DISTRIBUTION OF SETTLEMENT PROCEEDS**. (BK Doc. 119.) The movant was Jamie Lee Hendrix, through her counsel Richard A. Freese, of Sweet and Freese, PLLC; and Tim K. Goss, of Capshaw, Goss & Bowers, who are among her attorneys.

In essence, the motion asked the Bankruptcy Court to approve an $8,000.00 settlement offer from defendant GlaxoSmithKline, and to approve certain distributions of the proceeds of the settlement.

The court has set out below a chronology of events leading up to this point. This chronology is based on the bankruptcy file of Jamie Lee Hendrix, exhibits to pleadings in the Hendrix bankruptcy file; and the file of AP 02-70118:

**March 12, 2001 -** The debtor signed a retainer agreement with Morris Bart, PLC, to represent

1

her in a claim she had against drug manufacturer GlaxoSmithKline. The contract does not name the drug, but the motion to approve compromise shows that it was lotronex. The contract provided for a 40% contingent fee to the attorneys. Either prior to or subsequent to this agreement, Morris Bart entered into an agreement associating The Gallagher Firm, which apparently also associated the Capshaw, Goss & Bowers; and the Sweet and Freese PLLC, firms. Under this agreement, Bart would receive one third of a 40% contingent fee and the associated attorneys would receive two-thirds of the contingent fee. (BK Doc. 69)

**November 21, 2002** - Chapter 13 Trustee C. David Cottingham initiated an adversary proceeding, AP 02-70118, against attorney Morris Bart and other defendants representing Chapter 13 debtors in similar drug claims. The trustee's complaint alleged that counsel had failed to obtain approval of their employment to represent the bankruptcy estates of Chapter 13 debtors as required by the Bankruptcy Code.

**July 7, 2004** - Hendrix filed this Chapter 13 case. A review of her schedules showed that she did not list her lotronex claim as an asset either on Schedule B or in her Statement of Financial Affairs. The plan Hendrix filed made no provision for this lawsuit. (BK Doc. 8) Hendrix' plan proposed a 1% distribution to unsecured creditors.

**September 10, 2004** - The court entered an order confirming Hendrix' plan as proposed, with a 1% distribution to unsecured creditors. (BK Doc. 21) The confirmed plan made no provision for this lawsuit. The confirmation order stated that all property not necessary for the completion of the plan would revest in Hendrix at confirmation.

**Between April, 2005 and November, 2005** - At some point in this period, the law firms of Richard A. Freese and Tim K. Goss learned that Hendrix was in bankruptcy. The exact date is not known.

**November, 2005** - Goss sent a letter to Chapter 13 Trustee Cottingham advising him that he was handling the lotronex claim on behalf of Hendrix. The court was not provided a copy of this letter, or of any communication from the trustee back to Goss.

**February 3, 2006** - The Bankruptcy Administrator (BA) subsequently filed a motion for a status

conference on this situation. (BK Doc. 40) The motion stated that "upon information and belief, the Debtor has a cause of action that may be property of the estate." Goss was with served a copy of the BA's motion.

**March 14, 2006** - The court held a hearing on the BA's motion for a status conference. However, no one from the Goss or Freese law firms appeared at the hearing; and the BA was directed to prepare an order setting a date certain for applications for employment to be filed.

**April 26, 2006** - Attorneys Goss and Freese then filed an application to be employed to represent Hendrix in the pending lotronex claim. (BK Doc. 50) That same day, the Bankruptcy Administrator submitted, and the court executed, an order withdrawing the BA's request for a status conference.

**May 10, 2006** - The parties to the trustee's suit, AP 02-70118, reached a settlement with the Bart defendants. (AP Doc. 334). Settlement provisions allowed counsel to file applications to be employed in the bankruptcy case of individual debtors with pending drug claims. These applications were to be filed within 30 days of entry of the settlement order in AP 02-70118.

**June 9, 2006** - The Morris Bart firm filed an application to be employed in Hendrix' case, reciting the fee arrangement as described above. (BK Doc. 69) The application was timely for the 30-day time limit in AP 02-70118. That same day, the Morris Bart firm also filed a motion to approve compromise of the lotronex settlement on behalf of Hendrix for a payment of $8,000.00.

**July 3, 2006** - Trustee Cottingham objected to the employment of Goss and Freese (BK Doc. 80), and to the employment of Morris Bart (BK Doc. 81).

**July 5, 2006** - The BA joined in the trustee's objection to the retention of Goss and Freese as well (BK Doc. 82).

**July 7, 2006** - The debtor filed an amendment to her Schedule B listing the lotronex claim as personal property; and an amendment to her Schedule C claiming $2,500.00 of the lawsuit proceeds as exempt. (BK Docs. 86 and 87) No objections were filed to Hendrix' claim of exemptions.

**July 20, 2006** - The trustee withdrew his objection to the employment of Morris Bart. (BK Doc. 101)

**July 24, 2006** - A hearing was held on the applications to employ attorneys Goss, Freese and

3

Morris Bart. At the hearing, the objections to the employment of Goss and Freese were withdrawn.

**July 28, 2006** - An order was entered approving the employment of Goss and Freese effective April 6, 2006; and of Morris Bart, effective June 9, 2006 (BK Docs. 103 and 104). The orders provided for their retention on a contingent fee basis.

**August 2, 2006** - Orders were signed withdrawing the objections to the employment of Goss and Freese (BK Docs. 111 and 112).

**September 1, 2006** - Attorneys Goss and Freese also filed a motion to approve compromise of a pending lotronex settlement and to approve their fees. (BK Doc. 119) That is the document that is presently before the court.

**October 11, 2006** - Chapter 13 Trustee and Bankruptcy Administrator objected to the proposed fees of the Goss and Freese firms, (BK Docs.123 and 124)

**October 16, 2006** - An order was entered approving the motion to approve compromise as filed by the Morris Bart firm. (BK Doc. 127) The Bart motion stated the amount of the Hendrix settlement at $8,000.00 before deduction of fees, costs and other claims. It requested no specific distributions of such proceeds.

The fee application for Freese and Goss (BK Doc. 119), and the Trustee's and BA's objections (BK Docs. 123 and 124) were originally set for hearing on October 12, 2006. The hearing was rescheduled for January 25, 2007. At the close of the January hearing, the court took the request in BK Doc. 119 under submission for a decision.

## CONCLUSIONS OF LAW

This court has jurisdiction of the Hendrix Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this motion, including core bankruptcy proceedings, under 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), the jurisdiction is referred to this court by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

The court has already approved the settlement of Hendrix' claim for $8,000.00, so that aspect of BK Doc.119 is moot. The order was entered October 16, 2006 on the Bart firm's motion; and

4

acceptance of the offer has been approved.

The court had already approved the employment of the Goss and Freese firms on a contingent fee basis (under terms of the agreement stated in BK Doc. 69) pursuant to 11 U.S.C. § 327(e) of the Bankruptcy Code. Therefore, pursuant to 11 U.S.C. §§ 330(a) and 331, attorneys would be allowed reasonable compensation and reimbursement for actual and necessary expenses of the representation.

The record shows that these attorneys represented Hendrix from March of 2001 until sometime in 2005 with no knowledge of the pending bankruptcy case. Then in November of 2005, it was Goss who notified the Chapter 13 trustee of the pending drug claim, and of the attorneys' representation.

The Bankruptcy Administrator filed the motion for a status conference in February of 2006 after Goss and Freese failed to file an application to be employed. Apparently, the status conference motion resulted in the applications being filed on April 26, 2006. The trustee and the bankruptcy administrator then objected to approval of the employment in July of 2006.

It was only after these objections were filed that Hendrix amended her own schedules to reflect a property interest in the lotronex claim, and to claim $2,500.00 of the proceeds as exempt from her creditors. The trustee and the BA withdrew their objections to the employment of Goss and Freese. The court approved the contingent fee representation under Section 327(e) effective April 6, 2006.

(The court file reflects that as of this date, the Bart firm has not filed an application for its share of the contingent fee, although the Bart employment has also been approved.)

Pursuant to the fee agreement between the Bart firm, and the Goss and Freese firms, the Goss and Freese firms would receive two-thirds of any contingent fee allowed in this case. Settlement in this case was for $8,000.00 producing a contingent fee of $3,200.00 at 40%, as stated in BK Doc. 119. Therefore, if allowed, the Goss and Freese firms' share of the fee would be $2,133.33 under their agreement.

The record clearly shows that attorneys Goss and Freese represented the debtor on the pending lotronex claim for four years before they became aware of her July 7, 2004 Chapter 13 filing. While the record does not reflect exactly when the firms learned of the bankruptcy, it showed they notified the Chapter 13 trustee of the claim and of their representation in November of 2005. It is also clear from

5

the record that the attorneys' notice to the trustee and the Bankruptcy Administrator resulted in Hendrix finally amending her schedules to reflect the asset for the benefit of her creditors. By that time, the settlement, which would produce real money, was imminent.

The court has considered the fee application in light of the facts of this case, and finds that the total fee share of $2,133.33 to attorneys Goss and Freese is reasonable and must be approved.

The Goss and Freese firms also requested expenses in the amount of $148.15. However, counsel provided no itemization setting out the nature of the expenses, or the date incurred. The court cannot determine if these expenses are actual or necessary; and therefore, no expenses are approved.

Specific amounts on other distributions cannot be determined at this time, other than to state that the balance shall be paid to Chapter 13 Trustee David Cottingham pending further order of the court.

## CONCLUSION

Consequently, the attorneys' request for a fee is to be **APPROVED** in the amount of $2,133.33; but their request for expenses of $148.15 is to be **DENIED**. To that extent as well, the objections filed by the Chapter 13 Trustee and the Bankruptcy Administrator (BK Docs. 123 and 124) are due to be **OVERRULED.**

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this March 7, 2007.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge